UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ISAAC RABINOVICH, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-305 |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the motion to remand filed by Plaintiffs, Isaac Rabinovich and Norma Rabinovich.[1] Defendants, Safeco Insurance Company of Indiana ("Safeco") and Doyle H. Pierce ("Pierce"), have filed a response in opposition.[2] After considering the motion, response, record, and relevant authorities, the Court **GRANTS** the motion to remand.

I.  **Background**

On March 28, 2014, Plaintiffs filed their original petition in state court, asserting various insurance-related causes of action for damages resulting from a wind or hail storm.[3] Defendants removed the action to this Court on May 14, 2014, asserting subject matter jurisdiction under 28 U.S.C. § 1332, with satisfaction of the complete-diversity requirement through the improper joinder of Defendant Pierce.[4] On June 13, 2014, Plaintiffs filed the instant motion to remand, which the Court now considers in conjunction with Defendants' responsive filing.

II.  **Legal Standard**

---

[1] Dkt. No. 4 ("Motion to Remand").
[2] Dkt. No. 6 ("Response").
[3] *See* Dkt. No. 1, Attach. 2 at p. 8-27 ("Petition").
[4] Dkt. No. 1 ("Notice of Removal") at ¶ 10.

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[5] "The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[6] "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[7] A party seeking removal can establish improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[8] Safeco does not claim any actual fraud and specifically bases removal jurisdiction on the second ground.[9]

Under this basis, the Court resolves improper joinder by examining "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[10] In other words, there must be "no reasonable basis" for this Court to predict that Plaintiffs might be able to recover against Pierce, the non-diverse defendant.[11] The Court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[12] A 12(b)(6)-*type* analysis is distinguishable from a pure-12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state-court pleading standards.[13]

The Supreme Court of Texas has stated:

---

[5] 28 U.S.C. § 1332(a).
[6] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[7] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[8] *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted).
[9] *See* Dkt. No. 1 at ¶ 19-25; Dkt. No. 6 at II.A.
[10] *Smallwood v. Ill. Ctr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[11] *Id*.
[12] *Id.*
[13] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *2-6 (S.D. Tex. Dec. 8, 2010).

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[14]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[15] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[16]

Although the Court is *permitted* to pierce the pleadings in certain improper joinder analyses, it is not *required* to do so.[17] The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[18] Here, the Court's review of the arguments reveals no basis for piercing the pleadings. As a result, the Court will not look beyond the state court petition.

### III. Analysis

As an initial matter, the Court notes that even though Plaintiffs assert numerous causes of action against Defendants, the Court need only determine whether Plaintiffs have a reasonable possibility of recovery against Pierce as to one of these causes of action to find that he is a properly joined defendant. Plaintiffs' state court petition directs several allegations against Pierce, including:

> Defendant, DOYLE H. PIERCE, is an insurance adjuster residing in the state of Texas . . . .[19]
>
> The insurance business done by SAFECO INSURANCE COMPANY and DOYLE H. PIERCE in Texas includes . . . [t]he adjusting and inspection of PLAINTIFFS' insurance claims.[20]

---

[14] *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[15] *Id.*; *see also* TEX. R. CIV. P. 45 & 47.
[16] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[17] *See Smallwood*, 385 F.3d at 573.
[18] *Id.* at 573-74.
[19] Dkt. No. 1, Attach. 2 at p. 8.
[20] *Id.*

> DOYLE H. PIERCE failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost of repair. DOYLE H. PIERCE failed to properly process claims and [sic] have misrepresented material facts to the PLAINTIFFS.[21]
>
> DOYLE H. PIERCE has failed to address all damage to the property and its contents causing further damage to PLAINTIFFS.[22]
>
> Further, DOYLE H. PIERCE has intentionally failed to fully investigate the loss; failed to properly convey all information to the PLAINTIFFS; and has intentionally ignored damages to the dwellings.[23]
>
> DOYLE H. PIERCE has known about covered windstorm, hailstorm and water damages but [sic] have failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help.[24]
>
> DOYLE H. PIERCE in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFFS insurance policy.[25]

Upon initial examination, the petition appears to sufficiently allege that Pierce violated § 541.060 of the Texas Insurance Code, which states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim . . . .[26]

The Court now turns to the arguments set forth by Defendants that the petition fails to adequately assert a cause of action.

Defendants' arguments may be boiled down to the following: Plaintiffs' petition lacks a factual fit between the allegations and the pleaded theories of recovery against Pierce. The Court disagrees. First, Defendants assert that Plaintiffs' allegations against Pierce are merely verbatim

---

[21] *Id.* at p. 21.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.* at p. 22.
[26] TEX. INS. CODE ANN. § 541.060 (West Supp. 2011).

recitations of the Texas Insurance Code and other statutory provisions.[27] Nonetheless, Plaintiffs have alleged specific facts describing actionable conduct against Pierce, including that Pierce, an insurer adjuster responsible for adjusting and inspecting Plaintiffs' insurance claims,[28] "made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFFS insurance policy."[29] These allegations are not mere legal conclusions.

Second, relying primarily on *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), Defendants' contend that because the petition states allegations against Pierce that are "almost identical" to the allegations against Safeco, Plaintiffs have failed to state specific actionable conduct against Pierce.[30] However, *Griggs* stands for the proposition that the petition must assert factual support as to how the non-diverse defendant in question violated the statute.[31] In other words, while Plaintiffs cannot simply "lump diverse and non-diverse defendants together in undifferentiated liability averments of a petition,"[32] Plaintiffs can base similar allegations as to each defendant on similar facts, so long as there is a factual basis for individual responsibility. Here, the Court agrees with Defendants' assertion that Plaintiffs' petition and motion to remand are hardly models of draftsmanship and cautions Plaintiffs' counsel against asserting cut-and-paste allegations against individual defendants in future pleadings. The petition asserts almost all allegations against Safeco, albeit in a separate section labeled "Allegations Against Adjuster," also against Pierce, using almost identical language and very similar formatting.[33] Nonetheless, as described above, the petition *does* note Pierce's individual violations, touching on specific wrongful acts attributable to Pierce's role as an insurance

---

[27] *See* Dkt. No. 1 ¶ 23; Dkt. No. 6 at II.B.2.
[28] *See* Dkt. No. 1, Attach. 2 at p. at 9.
[29] *Id*. at p. 22.
[30] *See* Dkt. No. 1 ¶ 19-22; Dkt. No. 6 at II.B.1.
[31] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-701 (5th Cir. 1999).
[32] *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12CV652, 2013 WL 949860, at *4 (E.D. Tex. Jan. 30, 2013).
[33] *See* Dkt. No. 1, Attach. 2 at 12-54.

adjuster responsible for adjusting and inspecting Plaintiffs' insurance claims. This is sufficient under the lenient state-court pleading standard.

In sum, consistent with its obligation to resolve doubts in favor of removal, the Court finds that there is a reasonable basis for recovery against Pierce, and that the petition states a cause of action against Pierce and gives Pierce fair notice of the relief sought. The Court's decision is not, however, an endorsement of the carelessness exhibited by Plaintiffs' counsel in drafting the state court petition and motion to remand.

## IV. CONCLUSION

Based on the foregoing considerations, the Court finds that Defendants have not met their burden that Pierce, the non-diverse defendant, is improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse, **GRANTS** Plaintiffs' motion to remand, and **REMANDS** this case to the 370th District Court of Hidalgo County, Texas. In turn, the Court **CANCELS** the upcoming pretrial conference, scheduled for September 16, 2014 at 9:00 a.m.

IT IS SO ORDERED.

DONE this 10th day of September, 2014, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE